# ORIGINAL

# In the United States Court of Federal Claims

No. 16-28C
(Filed: October 19, 2016)

FILED

OCT 1 9 2016

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * * * *

ROBERT L. TAYLOR,

                 *Plaintiff*,

v.

THE UNITED STATES,

                 *Defendant*.

Jurisdiction; Transfer
pursuant to Section 1631;
Section 1500

* * * * * * * * * * * * * * * * * * * * * * * * * * *

    *Robert L. Taylor*, Honolulu, HI, *pro se*.

    *Aaron E. Woodward*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Scott D. Austin*, Assistant Director. *Michael P. Deeds*, United States Army Legal Services Agency, of counsel.

---

OPINION

---

BRUGGINK, *Judge*.

    Plaintiff, Robert L. Taylor, who appears *pro se*, is an employee of the Department of the Army at Tripler Army Medical Center in Honolulu, Hawaii. He alleges in his complaint here (plaintiff initially filed in district court) that the Army improperly categorized his position as a General Schedule ("GS")-5 Decedent Affairs Assistant when it should have been categorized as a GS-9 Casualty Affairs Coordinator/Officer. As a result, plaintiff alleges that he was underpaid and improperly required to perform certain duties while serving in

the position. According to plaintiff, he was hired pursuant to a contract, which was breached when the Army required him to perform the duties of a GS-9 position while classifying him as a GS-5 employee. Pending is defendant's motion to dismiss for lack of jurisdiction.

Defendant identifies a number of jurisdictional problems with this complaint, all of which we conclude below are compelling. What has considerably less appeal is defendant's alternative ground for dismissal—the operation of 28 U.S.C. § 1500 (2012). Admittedly, defendant's proposed application of this section in these circumstances has support in judicial precedent. Where it lacks appeal is in the area of justice and common sense.

BACKGROUND

Mr. Taylor first filed suit in the United States District Court for the District of Hawaii on May 31, 2013. He subsequently filed an amended complaint on January 31, 2014. In his amended complaint, plaintiff sought back pay and damages totaling $650,000 based on his allegation that his Decedent Affairs position was improperly advertised and that he was assigned work outside of his job description. On December 3, 2014, the district court granted defendant's motion to dismiss the amended complaint, finding that it did not have jurisdiction over his claim. The order dismissing Mr. Taylor's district court complaint granted him leave to amend his complaint and informed him that if he wanted to proceed under a breach of contract theory, he would need to waive his claim in excess of $10,000 or file his complaint in this court.

On February 3, 2015, plaintiff filed a motion with the district court seeking a transfer here, which was granted on February 13, 2015. Thereupon the case was transferred here pursuant to 28 U.S.C. § 1631 (2012). The transfer complaint was filed on March 4, 2016. As best we can determine, after the transfer, there was nothing remaining before the district court, and plaintiff has not appealed the dismissal or sought post-judgment relief in that forum.

Plaintiff's complaint first alleges that the Army improperly advertised his position at Tripler Army Medical Center in Honolulu, Hawaii as a GS-5 Decedent Affairs Assistant when it should have been advertised as a GS-9 position. According to plaintiff, he asked the human resources department to update the job position and pay grade, but his request was denied. Plaintiff

further alleges that, shortly after beginning the position, he was given an active pager which in effect placed him on call 24/7. As a result, he contends that he developed severe sleep apnea and depression. In addition, plaintiff alleges that he was required to teach and train civilian personnel, staff, and uniformed soldiers even though those duties were not part of his job description. Plaintiff contends that when he took these concerns to human resources, they were not properly considered. His complaint seeks the following relief:

1.  "Relief from an illegal hospital pager, that was very active. The plaintiff was on call 24/7, 365 days a year from July 2008 – March 2013."

2.  Relief from "[i]njuries associated with the illegal hospital pager. Post-Traumatic Stress Sleep Depression, Sleep APNEA." He claims that two individual employees of the Department of the Army told him to carry the pager and are therefore responsible for the resulting injuries and damages. He further claims that these individuals are liable to the plaintiff for his earnings for hindering the union investigation of his claim.

3.  Damages for emotional distress, mental anguish, and punitive damages.

4.  Back pay from June 1, 2008 to the present as a result of his being required to perform teaching and training outside of his job duties.

Pl.'s Compl. ¶¶ 8-10. Plaintiff references numerous federal statutes in support of these claims for relief, including Title VII of the Civil Rights Act of 1964; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (2012); the Back Pay Act, 5 U.S.C. § 5596 (2012); Title 18 of the United States Code; and the Wagner Act, 29 U.S.C. §§ 151, 157, and 158 (2012).[1]

---

[1] In plaintiff's response to defendant's motion, plaintiff states that the references to Title VII, Title 18, and the Wagner Act are "just references that the court should consider" and "a mere guide." Pl.'s Resp. 6. Thus, we do not consider these references to constitute claims. Plaintiff does not specifically address his reference to the FLSA outside of the citation in his complaint. During the telephonic hearing held by the court on August 24, 2016, plaintiff stated that he was not making a claim pursuant to the FLSA.

DISCUSSION

We begin with defendant's substantive challenges to the court's subject-matter jurisdiction. It asserts that plaintiff fails to make a non-frivolous allegation of any claim cognizable here. We agree. Defendant correctly points out that plaintiff's claims for injuries as a result of his having to carry a pager as well as his claims for emotional distress and mental anguish sound in tort and are thus beyond this court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (2012) (excepting from this court's jurisdiction cases sounding in tort). Punitive damages, whatever their theoretical basis in liability, are also not available in this court. *Greene v. United States*, 65 Fed. Cl. 375, 379 (2005). Additionally, we cannot exercise jurisdiction over plaintiff's claims against individual employees of the Army. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual.")

Nor can we entertain plaintiff's breach of contract claim. While the court has jurisdiction under the Tucker Act over claims under express or implied contracts with the United States, *see* 28 U.S.C. § 1491(a)(1), absent some colorable argument that a contract exists, we lack jurisdiction. *See Collier v. United States*, 56 Fed. Cl. 354, 356-58 (2003), *aff'd, Collier v. United States*, 379 F.3d 1330 (Fed. Cir. 2004). There is a presumption that federal employees hold their positions by appointment, not through employment contracts. *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985). Nowhere in plaintiff's complaint has he presented any support for his allegation that he was hired pursuant to a contract. The Office of Personnel Management Standard Notification of Personnel Action Form (SF-50) for Mr. Taylor's employment, issued June 2, 2008, indicates that he has a typical "Career-Cond[itional] Appointment." Def.'s Mot. to Dismiss App. 1. Thus, plaintiff has failed to rebut the presumption that he held his position by appointment, and his contract claim must therefore fail.

We are thus left with his Back Pay Act claim. The Back Pay Act applies to an employee who has "been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay . . . ." 5 U.S.C. § 5596(b)(1) (2012). The Act does not apply to a situation in which the government "fail[s] to pay an employee at a higher rate than that at which he was paid, in the absence of an actual overall reduction of pay or benefits." *Collier v. United States*, 379 F.3d 1330, 1333 (Fed. Cir. 2004). Plaintiff claims that he was paid at a GS-5 level while he

was really performing the duties of a GS-9 position. That argument is based on the assumption, not that his pay was ever reduced, but that it should have been higher. The Back Pay Act assumes that an appropriate authority previously has found that the employee has been unjustifiably affected by an unwarranted personnel action. *See* 5 U.S.C. § 5596(b). That appropriate authority here "would include the agency itself, or the [United States Merit Systems Protection Board] or the Federal Circuit where those entities have authority to review the agency's determination," *United States v. Fausto*, 484 U.S. 439, 454 (1988) (explaining that jurisdiction under the act is premised on an earlier determination of an unwarranted personnel action). None of those entities has made the necessary initial determination that plaintiff suffered an unwarranted personnel action, and this court is not independently authorized to do so. Because there has been no prior determination that plaintiff suffered an unwarranted reduction in pay, he is left with a bare claim for back pay, over which we do not have jurisdiction.

We note finally that plaintiff referred to the FLSA in his complaint but disavowed it as a basis for his claims. Considering that plaintiff is proceeding *pro se* and because the court would have jurisdiction over a claim under the FLSA, it is necessary to consider defendant's alternative comprehensive defense to all of plaintiff's claims, namely 28 U.S.C. § 1500. Defendant argues that, even if the claim is within our subject-matter jurisdiction, and otherwise timely, we would be forced to dismiss it because, at the time this action was commenced, plaintiff had pending in the district court an action arising out of the same facts. It offers the following analysis.

Under section 1631, the transfer statute, when the Arizona district court determined that it lacked jurisdiction over the contract claim and determined that it was in the interest of justice to transfer the action to this court because the claim could have been brought here initially, the transferred action proceeded "as if it had been filed in . . . the [Court of Federal Claims] *on [May 31, 2013] the date upon which it was actually filed in . . . the [district court] . . . .*" 28 U.S.C. § 1631 (2012). In other words, both actions are deemed, by operation of this remedial statute, to have been filed on May 31, 2013.

The purpose of this statutorily required fiction is, of course, remedial: to prevent litigants from suffering the consequences of guessing wrong as to the proper forum for their claim and then possibly refiling in the correct court after the running of the limitations period. This is plain from the legislative history of section 1631:

> In recent years much confusion has been engendered by
> provisions of existing law that leave unclear which of two or
> more federal courts . . . have subject matter jurisdiction over
> certain categories of civil actions.  The problem has been
> particularly acute in the area of administrative law where
> misfilings and dual filings have become commonplace.  The
> uncertainty in some statutes regarding which court has review
> authority creates an unnecessary risk that a litigant may find
> himself without a remedy because of a lawyer's error or a
> technicality of procedures.  At present, the litigant's main
> protective device, absent an adequate transfer statute, is the
> wasteful and costly filing in two or more courts at the same
> time.

S. Rep. No. 97-275, at 11 (1981).

> Because of the complexity of the federal court system and of
> special jurisdictional provisions, a civil case may on occasion be
> mistakenly filed in a court . . . that does not have jurisdiction.
> By the time the error is discovered, the statute of limitations or
> a filing period may have expired.  Moreover, additional expense
> is occasioned by having to file the case anew in the proper court.

*Id.* at 30.

Section 1631 thus seems intentioned to escort plaintiff's *pro se* barque
to a safe harbor, without residual effects of confusion about misfiling.  At this
point, however, the government conjures section 1500, like some antedeluvian
sea monster, to swallow plaintiff's complaint as soon as it docks in this court.
That ancient relic[2] provides that

> The United States Court of Federal Claims shall not have
> jurisdiction of any claim for or in respect to which the plaintiff
> or his assignee has pending in any other court any suit or process
> against the United States or any person who, at the time when

---

[2]So much has been written about the un-necessity and inherent unfairness of
this statute that it seems pointless to further shame Congress into repealing it.

the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The Federal Circuit in *United States v. County of Cook*, 170 F.3d 1084, 1090 (Fed. Cir. 1999), and *Griffin v. United States*, 590 F.3d 1291, 1293 (Fed. Cir. 2009), had occasion to consider the interplay between section 1631 and section 1500.

In *Cook*, the district court transferred *some*, but not all, of the counts in the complaint filed there to the Court of Federal Claims. While section 1631 had not yet been consistently interpreted to allow partial transfers, the circuit, emphasizing the remedial nature of the statute,[3] held that partial transfers should be allowed. That was the good news for plaintiff. The bad news was that the court also found that what remained in the district court and what was transferred to this court were "for or in respect to" the same claims, triggering the possible application of section 1500. The court had no difficulty concluding that the non-transferred claims still pending in the district court arose out of the same operative facts as the claims transferred to the Court of Federal Claims and that they both sought money with interest, although under different legal theories.[3] With respect to the "has pending" requirement of section 1500, the court considered that the effect of section 1631 was that the complaints were filed simultaneously. Although it found no precedent squarely on point, it concluded that the policies behind section 1500 are promoted by precluding jurisdiction in the Court of Federal Claims "in the simultaneous context."[4]

---

[3] "§ 1631 was designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction. . . . Section 1631 was clearly intended by Congress to remedy this problem through the simple mechanism of a transfer to the court of proper jurisdiction." 170 F.3d at 1089.

[4] *Cook* was decided before the Supreme Court's decision in *Tohono O'Odham*, which removed the relief-sought prong of the test for overlap under section 1500. *Tohono O'Odham Nation v. United States*, 563 U.S. 307, 315-16 (2011).

[5] *Id.* at 1091. With respect to the policy purposes of section 1500, the court cited the Court of Claims decision in *National Cored Forgings v. United States,* 132
(continued...)

7

Simultaneity can arise one of two ways, however. A litigant can choose to file in two courts at the same time (although that might be difficult today, given the precise electronic recordation of filings), or by operation of section 1631. The holding of *Cook* is that this distinction does not matter. The interest of Congress in forcing an election by the plaintiff is satisfied.

It is noteworthy that the Federal Circuit in *Cook* clarified that section 1500 is not implicated when *all* of the claims in an action are transferred to the Court of Federal Claims pursuant to section 1631, avoiding thereby what would have amounted to a nice metaphysical problem:

> Section 1631 mandates that the transferred claims be treated as if they were filed in the transferee court at the time they were filed in the transferor court. Therefore, when all claims in an action are transferred, no claims are pending in the district court that could preclude jurisdiction over the transferred claims . . .
>
> .

170 F.3d at 1091 n.8.

The government also cites *Griffin v. United States*, 590 F.3d 1291 (Fed. Cir. 2009), a case in which the Federal Circuit affirmed dismissal of a transfer complaint based on the operation of section 1500. As best we can determine from the factual recitation there, the district court had granted judgment for the United States on three of the original four counts and contemporaneously transferred the one remaining count to the COFC. It appears that the transfer occurred after the entry of summary judgment, but it is not clear whether plaintiff appealed or otherwise challenged the grant of summary judgment. The appeals court concluded that dismissal under section 1500 was mandated because, under the *Cook* holding, the transfer statute compels the receiving court to consider the transferred claim to have been filed simultaneously in

---

(...continued)
F. Supp. 454, 458 (Ct. Cl. 1955) ("The obvious and declared purpose of [§ 1500] was to require an election between a suit in this court against the United States and one brought" in the district courts.), and *U.N.R. Industries, Inc. v. United States*, 962. F.2d 1013, 1018 (Fed. Cir. 1992) (purpose of the statute is to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court . . . .")

both courts. *Id.* at 1295.

The Federal Circuit has clarified, in *Brandt v. United States,* 710 F.3d 1369, 1376 (Fed. Cir. 2013), that after dismissal, a case is not pending for section 1500 purposes unless an appeal or motion for reconsideration is actually filed.[5] It is insufficient to trigger section 1500 merely if the time for filing a post-judgment motion or an appeal has not run. *Id.*

The government also cites an opinion of this court, *Skokomish Indian Tribe v. United States,* 115 Fed. Cl. 116 (2014), in which Judge Allegra applied *Griffin* and *Cook* in the context of a section 1500 challenge to a transferred action. In that case, the transfer did not occur until the appeal of the dismissal of all claims was being considered by the Ninth Circuit. Judge Allegra granted a motion to dismiss, concluding that the non-transferred claims against the federal government were pending on the date of the deemed filing of the COFC claim, and that the district court and COFC claims were "for or in respect to" the same claim, based on the "substantially the same operative facts" test set out in *Tohono O'Odham.*

The logic behind *Cook* and presumably *Griffin* is that the plaintiff in a partial transfer situation is fundamentally in the same posture as a litigant who commences one suit in district court and then commences a second action here, even when the remaining district counts are simultaneously dismissed. According to defendant, the present situation is identical to that in *Griffin.* case. The district court dismissed all but one of Mr. Taylor's claims for lack of jurisdiction. The remaining contract claim, the district court concluded, also was not within its jurisdiction, but that claim was transferred here. There is no suggestion that Mr. Taylor has or had pending any post trial challenge to dismissal.

Unfortunately for plaintiff, we think the "logic" of this string of cases is that section 1500 is a bar here, despite the fact that the dismissal of the other district court claims does not appear to have been challenged. I.e., even though the other claims were not pending at the time of the transfer, the relevant date of inquiry is, by operation of section 1631, the date of the initial

---

[6]*Brandt* involved a direct filing in the Court of Federal Claims, although a motion to transfer had been filed and denied in the district court prior to the dismissals there.

district court filing.  This result may appeal to pharisees, but it is the sort of thing that occasionally gives law a bad name.

The question then, for the present case, is whether there were non-transferred claims *filed* in the district court, and if so, were they based on the same operative facts.  The answer to the first half of that question is plainly, yes.  And we think defendant is correct that the second test is met under the very streamlined *Tohono* inquiry.   The operative facts here and those underlying the other claims filed in district court are identical.

The irony, of course, is that it is only because of the operation of section 1631, a remedial statute designed to rescue litigants from understandable confusion about jurisdiction,[6] that section 1500 could operate here.  Under *Griffin*, section 1631 dictates that the complaints were filed simultaneously, and section 1500 becomes a bar to an action only partially transferred to this court, even if all the other district court claims have been dismissed.  Defendant thus is correct that section 1500 is also a comprehensive jurisdictional bar.[7]

CONCLUSION

---

[7]Statutes relating to procedure are given a liberal interpretation, since personal or property rights are not affected. *See* 3 N. Singer & S. Singer, Sutherland Statutory Construction § 60:5 (7th ed. 2014).  Likewise, exceptions to the operation of a remedial statute are disfavored. *Id.* at § 60:1.  In addition,

> Courts assume that a legislature always has in mind previous statutes relating to the same subject when it enacts a new provision. In the absence of any express repeal or amendment, the new provision is presumed to accord with the legislative policy embodied in those prior statutes, and they all should be construed together.

2B N. Singer & S. Singer, Sutherland Statutory Construction § 51:2 (7th ed. 2014) (footnotes omitted).

[8]Thus, even if plaintiff had intended to base a claim on the Fair Labor Standards Act, such a claim would be barred, although only by operation of section 1500.

For the reasons stated above, we grant defendant's motion to dismiss for lack of subject-matter jurisdiction. The clerk is directed to dismiss the complaint without prejudice. No costs.

ERIC G. BRUGGINK
Senior Judge